UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:  9/14/2021

POONAM KESWANI,

                              Plaintiff,

         v.

HARJIT SINGH ATHWAL, MATTHEW
A. WURGAFT, KRAVIS & WURGAFT,
P.C., TREASURES LONDON LIMITED &
ANDREW KRAVIS,

                              Defendants.

No.  20-CV-10578 (RA)


MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Poonam Keswani, proceeding *pro se*, brings this action against Defendants Harjit Singh Athwal, Andrew Kravis, Matthew A. Wurgaft, Kravis & Wurgaft, P.C., and Treasures London Limited for purported violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  Plaintiff alleges that Defendants' conduct in pursuing two legal actions against her to recover a $2 million debt violated the provisions of that statute that prohibit false representations and the use of unfair means in debt collection.  Defendants move to dismiss the Complaint on the ground that the underlying debt was for commercial purposes and therefore not subject to the FDCPA.  Additionally, Defendants Athwal, Kravis, Kravis & Wurgaft, P.C., and Treasures London Limited move to dismiss for improper service.  Because the Court finds that Plaintiff has failed to state a plausible claim for relief under federal law, it grants the motions to dismiss on that basis.

## BACKGROUND

### I.    Factual Background

The following facts alleged in the complaint ("Complaint") are assumed to be true for the purposes of this motion.  *See, e.g., Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017). The Court also considers a complaint filed against Plaintiff in the District of New Jersey, which is both attached to the Complaint and incorporated by reference.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).  Relatedly, the Court takes judicial notice of relevant litigation in other courts.  *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotation marks omitted)).

Plaintiff Poonam Keswani, a citizen of New York, is a self-described "International Humanitarian and Jeweler with a recognizable presence in the United States and overseas." Compl. ¶ 12.  Defendant Harjit Singh Athwal is a citizen of the United Kingdom and the director of Defendant Treasures London Limited ("TLL"), a United Kingdom company.  *Id.* ¶¶ 6-7. Defendants Matthew A. Wurgaft and Andrew Kravis are attorneys admitted to practice law in the State of New York, and the owners of Defendant Kravis & Wurgaft, P.C., "a professional company based in Newark, New Jersey."  *Id.* ¶¶ 8-9.

On September 27, 2018, Athwal and TLL, through non-party counsel, commenced an action in the United States District Court for the District of New Jersey that named Plaintiff and Treasures of Prince, LLC ("TOP") as defendants.  *Id.* ¶ 13, Ex. A ("DNJ Complaint").  That action brought claims for common law fraud, breach of contract, breach of the covenant of good faith and fair dealing, and for violations of the New Jersey Consumer Fraud Act.  *See generally* DNJ

Complaint.  As pertinent here, Athwal and TLL alleged that Plaintiff made herself out to be the owner of jewelry retail stores, *id.* ¶ 8, and was "setting up an international rough diamond business," *id.* ¶ 22.  In January 2017, Plaintiff allegedly proposed to Athwal a new business opportunity, which involved the de-sourcing and processing of rough diamonds. *Id.* ¶ 46.  That opportunity prompted Athwal to create "a new Limited Company in the UK," Defendant TLL, which made several loans to Plaintiff through her own entity, TOP. *Id.* ¶¶ 47-49.  In October 2017, Plaintiff executed a personal guarantee for the loans that had been made to TOP. *Id.* ¶ 50.

According to the DNJ Complaint, however, Athwal and TLL did not receive a "a single dollar" of the funds loaned to Plaintiff and TOP. *Id.*  They subsequently brought suit to recover the sum of $2.5 million allegedly owed them. *Id.*  In that complaint, Athwal and TLL further assert that Plaintiff attempted to defraud the IRS and otherwise engaged in money laundering.  On February 8, 2019, the case was dismissed for lack of subject matter jurisdiction. Compl. ¶ 13; *see Treasures London Limited, et al. v. Poonam Keswani, et al.* No. 18-cv-14347-BTM-LHG (D.N.J. Feb. 8, 2019).

On or about September 13, 2019, Athwal and TLL commenced another action to recover the alleged $2 million debt, this time in New York State Supreme Court.  Compl. ¶ 15.  Defendants Wurgaft and Kravis—and the firm of Kravis & Wurgaft P.C.—represented them in that action. According to Plaintiff,  Defendants "deceptively and falsely swore to the court that the amount they were seeking was accurate although they knew that no such debt of that amount was ever incurred by Plaintiff." *Id.* ¶ 16.  Elsewhere, she alleges that Defendants' actions "related to the collection of a debt the enforceability of which was barred by the applicable statute of limitations." *Id.* ¶ 28.  Plaintiff further asserts that Defendants have "maliciously published false information about Plaintiff in the financial circles which has caused her denial of credit, untold economic

hardship, loss of business negotiations and lucrative contracts and strangulation, though unimaginable attorney fees," ultimately forcing her into bankruptcy. *Id.* ¶¶ 18-20.

## II.      Procedural History

On December 15, 2020, Plaintiff initiated this action by filing a *pro se* complaint. Plaintiff seeks a declaratory judgment and asserts causes of action under two provisions of the FDCPA— 15 U.S.C. § 1692f, for "unfair or unconscionable means" of debt collection, and 15 U.S.C. § 1692e for the use of "deceptive means to collect or attempt to collect [any] debt" from Plaintiff. *See* Compl. ¶¶ 32-34. She seeks damages totaling $20,000,000. On January 12, 2021, Defendants Athwal, Kravis, Kravis & Wurgaft, P.C., and TLL moved to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for improper service pursuant to Fed. R. Civ. P 12(b)(5). Dkt. 4. The same day, Defendant Wurgaft separately moved to dismiss the Complaint for failure to state a claim, furthering substantially the same arguments as his co-defendants. Dkt. 5. The Court thus addresses the two motions in tandem.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "Where, as here, the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d

Cir. 2013) (quoting *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011)).   "Nonetheless, a *pro se* complaint must state a plausible claim for relief."   *Id.*

## DISCUSSION

**I.     Whether Plaintiff States a Claim Under the Fair Debt Collection Practices Act**

Defendants principally argue that Plaintiff has failed to state a claim under the FDCPA because the debt which they sought to collect was commercial in nature, and therefore outside of the purview of that statute.   In her Affidavit in Opposition to Defendants' Motion to Dismiss the Complaint, Dkt. 21 ("Opp."), Plaintiff appears to deny that the underlying debt at issue was for commercial purposes, pointing out that Defendant Kravis referred to the debt as "one for money, property or services obtained by fraud" in a related action in Bankruptcy Court.  Opp. ¶¶ 4-5.  She does not otherwise address the issue in her opposition.   For the reasons that follow, the Court concludes that Plaintiff has failed to state a plausible claim for relief under the FDCPA.

The relevant subsections of the FDCPA prohibit any "debt collector," from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, or from using "unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f.  The FDCPA defines debt as "any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes."  *Id.* § 1692a(5).   The statute also defines "consumer" and "debt collector" with reference to a "debt."   *See id.* § 1692a(3) ("The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."); *id.* § 1692a(6) ("The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts

5

to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."). In light of these statutory definitions, the Second Circuit has held that "[t]he FDCPA does not cover 'actions arising out of commercial debts.'" *Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 102 (2d Cir. 2016) (quoting *Goldman v. Cohen*, 445 F 3d 152, 154 n.1 (2d Cir. 2006)).

Under this framework, a plaintiff asserting a claim under the FDCPA must allege that: 1) she is a "consumer" who allegedly owes the debt, or a person who has been the object of efforts to collect a consumer debt; 2) that the defendant collecting the debt is a "debt collector;" and 3) that the defendant has engaged in an act or omission in violation of FDCPA requirements. *See Paushok v. Ganbold*, No. 20 CIV. 4769 (JPC), 2021 WL 1063206, at *6 (S.D.N.Y. Mar. 18, 2021). In this instance, the dispositive question is whether Plaintiff has plausibly alleged that Defendants' prosecution of lawsuits in New Jersey federal court and New York state court sought to collect a consumer debt within the meaning of the FDCPA.

The Court concludes that Plaintiff has not done so because the Complaint contains virtually no factual allegations about the nature of the debt that Defendants sought to collect from her. Instead, Plaintiff broadly refers to the transaction at issue as an "alleged debt," Compl. ¶¶ 13, 15, denies that she ever owed "defendants the sum of $2 million," *id.* ¶ 22, and claims that the "debt" was not enforceable because the applicable statute of limitations had run, *id.* ¶ 28. None of these allegations describes how or why Defendants believed that Plaintiff owed them that sum. Absent some factual content on that subject, the Court cannot reasonably infer that the debt arose from a transaction that was primarily for "personal, family, or household purposes," as required to state a claim under the FDCPA. 15 U.S.C. § 1692a(5). This is true even if this *pro se* Complaint is read to raise the strongest claims that it suggests. Simply put, the bare-bones allegations in the

Complaint tell the Court nothing about the transaction that motivated Defendants to commence legal action against Plaintiff.

That Plaintiff also avers that the terms "creditor," "debt," and "debt collector," are defined with reference to the FDCPA, Compl. ¶ 4, and that "all defendants were acting as debt collectors within the meaning of 15 U.S.C. § 1692a(6)," *id.* ¶ 10, does not alter the Court's conclusion. These allegations are legal conclusions, if not "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which the Court need not accept as true. *Iqbal*, 556 U.S. at 678. "Stating that a particular obligation is a 'debt' under the FDCPA is a legal conclusion, . . . so if a complaint does not plead facts that could plausibly lead to the inference that the debt attempted to be collected was a consumer debt, the complaint fails to state a FDCPA claim and must be dismissed." *Sanchez v. Blustein, Shapiro, Rich & Barone LLP*, No. 13-CV-8886 CS, 2014 WL 7339193, at *7 (S.D.N.Y. Dec. 23, 2014) (dismissing *pro se* complaint in FDCPA action where Plaintiff "plead[ed] no facts regarding the nature of the debt").

Although the failure to plead any facts about the specific nature of this debt is reason alone for dismissal, the few facts that the Court may consider on this motion raise doubt as to whether the underlying transaction qualifies as a consumer debt. First, Plaintiff alleges that she is a "Jeweler with a recognizable presence in the United States and overseas." Compl. ¶ 5. The DNJ Complaint, which she attached to the Complaint, references a series of loans made between two corporate entities—TOP and TLL—for the purchase of diamonds. *See* DNJ Complaint ¶ 49. These facts appear inconsistent with a transaction for personal, household, or family purposes. Moreover, Defendants append to their motions a "Continuing Guarantee" dated October 24, 2017, wherein Plaintiff personally guarantees the loans made from TLL to TOP. *See* Dkt. 4-1, Declaration of Andrew R. Kravis, Esq. in Support of Defendants' Motion to Dismiss, Ex. A.

Although the Court may not rely on that document as a basis for dismissal, as it is not referenced in the Complaint—nor is it clear on the record that there exist no disputed issues of fact regarding its relevance, *see Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)—the guarantee further supports its conclusion that Plaintiff has failed to plausibly allege that the debt was consumer in nature.

Because the Court dismisses the Complaint on the basis that it fails to state a claim upon which relief can be granted, it does not reach the issue of improper service raised by Defendants Athwal, Kravis, Kravis & Wurgaft, P.C., and TLL.

## II.    Leave to Amend

Plaintiff has not requested leave to amend her Complaint in the event of dismissal. Pursuant to Fed. R. Civ. P. 15(a)(2), however, a court should freely grant leave to amend "when justice so requires."  *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (describing the standard set forth in Rule 15 as "permissive"). A *pro se* complaint, in particular, "should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks omitted).  The Court will permit Plaintiff to file an amended complaint that pleads additional facts to cure the deficiencies in her Complaint, if she has a good-faith basis to do so.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted without prejudice to amend.  If Plaintiff chooses to file an amended complaint, she shall do so by no later than October 5, 2021.  Failure to file an amended complaint by that date will result in dismissal of this case with prejudice.

Should Plaintiff need assistance, she may wish to consult the New York Legal Assistance Group's legal clinic for pro se litigants, by visiting its website at nylag.org/pro-se-clinic/ or by calling (212) 659-6190.  This clinic, which is neither part of nor run by the Court, assists pro se litigants with federal civil cases.

The Clerk of Court is respectfully directed to terminate the items at docket numbers 4 and 5.

SO ORDERED.

Dated:     September 14, 2021
           New York, New York

_____
Ronnie Abrams
United States District Judge